NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000584
24-APR-2018
08:29 AM

NO. CAAP-16-0000584

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

BAYVIEW LOAN SERVICING, LLC, Plaintiff-Appellee, v.
MICHAEL R. PIERCE, Defendant-Appellant, and
HARRY E. WILLIAMS; MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., A SEPARATE CORPORATION ACTING SOLELY
AS NOMINEE FOR COUNTRYWIDE BANK, N.A.; BANK OF AMERICA
NATIONAL ASSOCIATION; PRINCEVILLE AT HANALEI COMMUNITY
ASSOCIATION, Defendants-Appellees, and JOHN AND MARY DOES 1-20;
DOE PARTNERSHIPS, CORPORATIONS or OTHER ENTITIES 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 11-1-0182)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Ginoza and Chan, JJ.)

Defendant-Appellant Michael R. Pierce (**Pierce**) appeals
from the Judgment entered on July 22, 2016 (**Judgment**), in the
Circuit Court of the Fifth Circuit (**Circuit Court**)[1] in favor of
Plaintiff-Appellee Bayview Loan Servicing, LLC (**Bayview**) and
against all defendants.  Pierce also challenges, *inter alia*, the
Circuit Court's Findings of Fact; Conclusions of Law; Order
Granting Plaintiff's Motion for Summary Judgment, and for

---

[1]     The Honorable Randal G. B. Valenciano presided.

Interlocutory Decree of Foreclosure, also entered on July 22, 2016 (**Foreclosure Decree**).

Pierce raises two points of error, arguing that the Circuit Court erred by: (1) granting Bayview's April 1, 2016 Motion for Summary Judgment, Declaratory Judgment, and Interlocutory Decree of Foreclosure Against All Parties (**Motion for Summary Judgment**) upon inadmissible hearsay evidence; and (2) by denying Pierce's motion to continue the hearing on the Motion for Summary Judgment.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Pierce's points of error as follows:

> The issue of standing implicates this court's jurisdiction, and, therefore, must be addressed first. Because standing is a jurisdictional issue that may be addressed at any stage of a case, an appellate court has jurisdiction to resolve questions regarding standing, even if that determination ultimately precludes jurisdiction over the merits.

Keahole Def. Coal., Inc. v. Bd. of Land & Nat. Res., 110 Hawai'i 419, 427-28, 134 P.3d 585, 593-94 (2006) (citation and footnote omitted).

In Bank of America, N.A. v. Reyes-Toledo, the Hawai'i Supreme Court held in a judicial foreclosure action that in order to establish a right to foreclose, the foreclosing plaintiff must establish standing, or entitlement to enforce the subject note, at the time the action was commenced. 139 Hawai'i 361, 367-70, 390 P.3d 1248, 1254-57 (2017). The supreme court stated, *inter alia,* that "[a] foreclosing plaintiff's burden to prove

entitlement to enforce the note overlaps with the requirements of standing in foreclosure actions as 'standing is concerned with whether the parties have the right to bring suit.'" Id. at 367, 390 P.3d at 1254 (brackets omitted) (quoting Mottl v. Miyahira, 95 Hawai'i 381, 388, 23 P.3d 716, 723 (2001)). The supreme court further stated that "[a]s standing relates to the invocation of the court's jurisdiction, it is not surprising that standing must be present at the commencement of the case." Id. at 368, 390 P.3d at 1255 (citation omitted). In concluding that the foreclosing bank failed to satisfy its burden as the movant for summary judgment, the court reasoned: "Although Bank of America produced evidence that it possessed the blank-indorsed Note at the time it sought summary judgment, a material question of fact exists as to whether Bank of America possessed the Note, or was otherwise a holder, at the time it brought the foreclosure action." Id. at 370, 390 P.3d at 1257.

In the instant case, Bank of New York Mellon Trust Company (**Bank of New York**) filed a Complaint to Foreclose Mortgage (**Complaint**) on August 12, 2011. According to the unverified Complaint, a promissory note executed on March 7, 2007, by Pierce in favor of Countrywide Bank for $825,000.00 (**Note**), was attached to the Complaint under seal. The Complaint alleges that Bank of New York is the current holder of the Note by virtue of a recorded assignment of the Note and the subject mortgage, but does not allege that Bank of New York possessed the Note at the time of the filing of the Complaint; the Complaint is not accompanied by a declaration attesting that Bank of New York

possessed the Note at the time of the filing of the Complaint. In addition to the Note,[2] attached to the Complaint were (1) a mortgage on real property securing the Note, executed on March 7, 2007, by Harry E. Williams (**Williams**) as Pierce's attorney-in-fact, in favor of Mortgage Electronic Registration Systems, Inc. (**MERS**), as sole nominee for the lender Countrywide Bank, which was filed with the Bureau of Conveyances on March 14, 2007 (**Mortgage**), and (2) an Assignment of Mortgage and Note dated April 14, 2011, and filed with the Bureau of Conveyances on April 19, 2011 (**First Assignment**). Per the First Assignment, MERS as sole nominee for Countrywide Bank, assigned to Bank of New York as the assignee and its "successors and assigns forever" the Mortgage and "the Note referenced in said mortgage." Pursuant to these documents, the Complaint alleged that Bank of New York was the owner of the Mortgage, alleged that Pierce and Williams were in default, and sought to foreclose on the subject property.

Pursuant to a motion by Bank of New York, and based on a December 24, 2014 assignment, Bayview was substituted as the real-party-in-interest plaintiff. Like the foreclosing bank in Reyes-Toledo, Bayview was granted summary judgment and the Foreclosure Decree was entered based in part on a declaration, by Keli Smith (**Smith**), which attests in part, "Plaintiff is in possession of the original promissory note." Smith's declaration does not establish that Bank of New York possessed the Note at the time that Bank of New York filed the Complaint. Like in

---

[2] It does not appear that the Circuit Court transmitted the sealed document with the record on appeal. However, we are able to review this case based on the record before us.

Reyes-Toledo, the evidence in the record fails to demonstrate that Bank of New York was entitled to enforce the Note at the time this action was commenced. 139 Hawai'i at 370-71, 390 P.3d at 1257-58.

Viewing the facts and inferences in the light most favorable to Pierce, there is a genuine issue of material fact as to whether Bank of New York had standing at the time this foreclosure action was commenced.[3] Therefore, under Reyes-Toledo, the Circuit Court erred in granting the Motion for Summary Judgment and entering the Foreclosure Decree, and we need not address Pierce's other arguments concerning the adequacy of the evidence or the denial of a continuance.

For these reasons, the Circuit Court's July 22, 2016 Judgment and Foreclosure Decree are vacated and this case is remanded for further proceedings.

DATED: Honolulu, Hawai'i, April 24, 2018.

On the briefs:

Gary Victor Dubin,
Frederick Arensmeyer,
Jenna Mandraccia,
for Defendant-Appellant.

Lester K.M. Leu,
Shem H. Kim,
(Leu Okuda & Doi),
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[3] Bayview does not rely on the attorney affirmation filed by Bank of New York's counsel on June 5, 2013. In any event, it appears that the Hawai'i Supreme Court in Wells Fargo Bank, N.A. v. Behrendt, SCAP-16-0000645, 2018 WL 1325153 (Haw. Mar. 15, 2018) implicitly did not give any evidentiary merit to an attorney affirmation in the record in that case. See Wilmington Savings Fund Soc. v. Rohan, No. CAAP-17-0000433, 2018 WL _____ (Hawaii App. April 23, 2018)(Ginoza J., concurring).